# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Eugene Christopher Banks,<br><br>      Plaintiff,<br><br>v.<br><br>Cal R. Ludeman, in their individual and official capacity; Dennis Benson, in their individual and official capacity; Nancy Johnston, in their individual and official capacity; Greg Carlson, in their individual and official capacity; Brian Ninneman, in their individual and official capacity; Thomas Lundquist, in their individual and official capacity; Allison Ecklund, in their individual and official capacity;<br><br>      Defendants. | Civ. No. 08-5792 (MJD/JJK)<br><br>**REPORT AND RECOMMENDATION** |

Eugene Christopher Banks, 1111 Hwy 73, Moose Lake, MN 55767, *pro se.*

Barbara E. Berg Windels, Minnesota Attorney General's Office, counsel for Defendants.

United States Magistrate Judge Jeffrey J. Keyes

## INTRODUCTION

This matter is before this Court on Plaintiff's Motion for Sanctions and Injunction (Doc No. 61.) The case has been referred to this Court for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, this Court recommends that the motion be denied.

## BACKGROUND

Plaintiff is an individual who is civilly committed as a sex offender and is currently in the custody of the Minnesota Sex Offender Program ("MSOP") in a facility in Moose Lake, Minnesota. In this case, Plaintiff asserts that Defendants violated his constitutional rights by taking various magazines and other written materials and articles of clothing. In his motion seeking sanctions and an injunction, Plaintiff alleges that Defendants, who include various MSOP officials, have engaged in a campaign of harassment and have attempted to place him with a roommate with whom they know he is incompatible.

In his motion, Plaintiff provides a list of several events that constitute a "campaign of harassment." These include the following

- 3-9-09 Defendants Media Review Team (MRT) lost Christies catalog
- 4-16-09 Defendants MRT lost photography magazines
- 5-16-09 Defendants MRT lost B&W Photography magazine
- 9-23-09 Defendants MRT lost Christies catalog
- 10-12-09 Defendants Bleached 2 Black movie themed t-shirts which were in care of High Security Area Protective Isolation (HAS) staff
- 1-7-10 Defendants MRT lost another magazine
- 1-27-10 Defendants confiscated legal work during search
- 1-27-10 Defendants confiscated magazine [and] book already reviewed and approved by their (MRT)
- 2-5-10 Attempted to cause harm to me by trying to place me with an incompatable [sic] roommate. On 2-5-10 myself and Mr. Wayne Nicoliason were notified that we would be moving from the single cells we were in on unit Omega over to unit 1-D into a double cell together. Both myself and Mr. Nicoliason refused to move. After I notified Mr. Nicoliason I would bite the bullet on this he moved to 1-D and is now in a double cell by himself. And I'm in the HAS for refusing a roommate. About 3 years ago myself and Mr. Nicoliason were roommates on the Annex unit and were separated because we were incompatable [sic]. . . .

- 2-5-10 Placed in HAS for first 5 days not allowed shower and clean clothes. On 6 day allowed shower but still no clean cloths [sic]. On 7th day finally allowed both shower and clean cloths [sic].
- 2-5-10 Defendants confiscated remaining documents in this case.
- 2-9-10 and 2-28-10 Request comb and chapstick refused.
- 2-12-10 Mail held. Sent letters to ombudsman [and] S-magazine held till 2-23-10
- 2-14-10 Mail held. Sent letter to House info service held till 2-23-10
- 2-19-10 and 2-28-10 Request fingernail clipper refused.
- 2-19-10 Removed B&W magazine deemed prohibited and ordered to send out to destroy. In violation of Defendants [sic] own policy.
- 2-22-10 Received color magazine deemed prohibited and ordered to send out to destroy. In violation of Defendants [sic] own policy.
- 2-23-10 Request Razor to shave Refused
- 2-24-10 Receive Aperture magazine deemed prohibited and ordered to send out or destroy. In violation of Defendants own policy.
- 2-24-10 Recreation [and] shower brake [sic] reduced from one hour per day to 15 minutes per day. Even prison inmates in Minnesota get 1 hour out of their cell when their [sic] in the hole.
- 2-25-10 Deemed I receive "Excessive volume of mail" so I'm now limited to exchanging 1 magazine for 1 magazine. At the time I had a 4 [and] ½ inch stack of magazines and catalogs and 4 letters, 1 credit card statement and 3 charity solicitations. That's not excessive in cell for month.
- 2-28-10 Cloths [sic] didn't come back from HAS laundry so I could not shower.
- 3-1-10 Next day again cloths [sic] did not come back from HSA laundry so I could not shower.

(Doc. No. 61 at 1-3.) Based on this series of events, Plaintiff now requests sanctions and an injunction prohibiting Defendants from placing him with an incompatible roommate.

## DISCUSSION

**I.     INJUNCTIVE RELIEF**

First, this Court addresses Plaintiff's request for an injunction. The separation of powers requires that courts must exercise "judicial restraint" in

3

response to complaints regarding the operation of prisons by executive and legislative branches. *See Turner v. Safley*, 482 U.S. 78, 84-85 (1987). This reluctance is particularly pronounced where a state prisoner seeks relief in federal court. *Id.* at 85 ("Where a state penal system is involved, federal courts have . . . additional reason to accord deference to the appropriate prison authorities."); *see Sandin v. Connor*, 515 U.S. 472, 482 (1995) ("[F]ederal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment."). In addition, "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quotations omitted). These same concerns are present where the administration of a facility housing civilly committed sex offenders is concerned. *See Senty-Haugen v. Goodno*, 462 F.3d 876, 887 (8th Cir. 2006) (explaining that federal courts should defer to state officials managing a secure facility for sex offenders); *see also Aune v. Ludeman*, Civil No. 09-15 (JNE/SRN), 2009 WL 1586739, at *2 (D. Minn. June 3, 2009) (citing deference principles in the context of considering a civilly committed individual's motion for a preliminary injunction).

In determining whether to grant a preliminary injunction, a court considers: "(1) the probability of the movant's success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether

4

the issuance of the preliminary injunction is in the public interest." *Emerson Elec. Co. v. Rogers*, 418 F.3d 841, 844 (8th Cir. 2005) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)). "Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). In addition, "an injunction cannot issue if there is no chance of success on the merits . . ." *Mid-Am. Real Estate Co. v. Iowa Realty Co.*, 406 F.3d 969, 972 (8th Cir. 2005). "A preliminary injunction is an extraordinary remedy . . . and the burden of establishing the propriety of an injunction is on the movant." *Watkins*, 346 F.3d at 844 (citations omitted).

First, this Court notes that Plaintiff's request for preliminary-injunctive relief concerns his placement with a particular roommate, and this issue does not relate in any way to the relief he seeks in his Complaint. Preliminary injunctions generally are not properly sought to order incidental relief peripheral to that which a movant seeks pursuant to a final judgment on the merits. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.").

Second, even if Plaintiff's request for an injunction were related to the gravamen of his Complaint, this Court concludes that Plaintiff has failed to make a sufficient showing on any of the four factors he bears the burden of establishing. His motion merely contains a list of events that he feels should not

5

have occurred, including an unidentified MSOP official's decision that he would be placed in a double cell with a particular roommate. His motion then includes a mere conclusory statement that Defendants are aware that he and this potential roommate are incompatible and asks this Court to issue an injunction as a result. His conclusory assertion is insufficient to show (1) a likelihood that he would succeed on the merits of such a claim (albeit a claim not alleged in the Complaint) or on any claim asserted in his Complaint; (2) that there is a threat of irreparable harm to him if he is placed with the roommate; (3) the balance between any harm he would suffer and the injury that granting the injunction will inflict on other interested parties weighs in favor of granting the injunction; or (4) that issuing the preliminary injunction is in the public interest. For these reasons, this Court recommends that Plaintiff's request for an injunction be denied.

## II.    SANCTIONS

Plaintiff also asks this Court to sanction Defendants for a "campaign of harassment." Plaintiff does not specify what sanctions he would like this Court to impose on Defendants. The events of which he complains in his motion are not accompanied by any showing sufficient to justify the imposition of sanctions. Plaintiff has not identified the actions of any particular Defendant. Nor has he explained why these events warrant the imposition of sanction. He asserts that certain actions violated Defendants' own policies, but does not explain what those policies are or how any Defendant's actions transgressed them. In short,

6

Plaintiff has provided absolutely no basis for this Court to sanction Defendants, and his request should be denied.

### RECOMMENDATION

Based on the file and all the records therein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion for Sanctions and Injunction (Doc. No. 61), be **DENIED**.


Date: March 9, 2010

                                       *s/ Jeffrey J. Keyes*
                                       JEFFREY J. KEYES
                                       United States Magistrate Judge

Under D. Minn. Loc. R 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 23, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within 14 days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.