UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Eugene Christopher Banks,

        Plaintiff,

v.

**ORDER**
Civil No. 08-5792 (MJD/JJK)

Cal R. Ludeman, Dennis Benson,
Nancy Johnston, Greg Carlson,
Brian Ninneman, Thomas Lundquist,
Allison Ecklund, in their individual
and official capacity,

        Defendants.

Eugene Christopher Banks, pro se.

Steven H. Alpert, Assistant Minnesota Attorney General, counsel for Defendants.

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Jeffrey J. Keyes dated October 4, 2010. [Docket No. 86] Plaintiff Banks has filed objections to the Report and Recommendation. Defendants have filed a response to Plaintiff's objections. Pursuant to statute, the Court has conducted a de novo review of the record, including all transcripts filed and exhibits submitted to the Court. 28

1

U.S.C. § 636(b)(1); Local Rule 72.2(b).  Based upon that review, the Court **ADOPTS** the Report and Recommendation.

Plaintiff makes a number of objections to the Report and Recommendation.  Notably, Plaintiff objects to Magistrate Judge Keyes' recommendation that Paragraph Five of the Complaint, relating to Plaintiff's Spread Magazine T-Shirt, be dismissed.  Plaintiff notes that the Magistrate Judge dismissed this claim largely because of the Magistrate Judge's finding that the shirt was never seized from Plaintiff, but rather was deemed "counter-therapeutic" and the Plaintiff was allowed to possess the shirt. (Report and Recommendation 18.)  Plaintiff, in his objections, states that the shirt was in fact taken during a room search on January 27, 2008, and was destroyed on August 5, 2008. (Pl.'s Objection to Report and Recommendation 4.)  Plaintiff submits a document which he states shows the ultimate disposition of the Spread Magazine Shirt. (Ex. 1 to id.)  This document however, merely contains the words "destroyed 8/5/08." (Id.)  Nothing in the document describes what was destroyed, and thus it provides this Court with no evidence that the shirt in question was in fact destroyed.  Furthermore, Plaintiff's unsworn objection which states that the shirt was in fact taken and destroyed is not evidence which is admissible.  Boyer v. KRS

Computer & Bus. Sch., 171 F. Supp. 2d 950, 960 (D. Minn. 2001) ("A document that purports to be an 'affidavit' but is not in fact sworn to and subscribed before a notary is not competent evidence on summary judgment."). On summary judgment the Court "can consider only those facts that are properly supported in the record." Id. The pleadings of a pro se individual are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). Plaintiff must nonetheless present evidence to defeat the Defendants' summary judgment motion. Dunavant v. Moore, 907 F.2d 77, 80 (8th Cir. 1990). Plaintiff's unsworn objections are not evidence which this Court can consider. Since there is no evidence to rebut Defendants' explanation of the Spread Magazine Shirt, this Court agrees with Judge Keyes' disposition of this claim.

Plaintiff's remaining objections concern arguments which were examined by Magistrate Judge Keyes' Report and Recommendation. These include Plaintiff's argument that the MSOP Media Policy as applied is prohibiting media in an unconstitutional manner, as well as Plaintiff's argument that some of the claims against the supervisory Defendants should not be dismissed. This Court finds that Magistrate Judge Keyes addressed these issues, and his application of the law is correct. Thus the Court adopts the Report and Recommendation.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation dated October 4, 2010. [Docket No. 86].

2. Defendant's Motion for Summary Judgment [Docket No. 69] is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. All of Plaintiff's claims against all Defendants are **DISMISSED WITH PREJUDICE**, **EXCEPT** for: (1) the claim against Defendant Thomas Lundquist that is presented at paragraph 4 of the Complaint; and (2) the claim against Defendant Allison Ecklund that is presented at paragraph 12 of the Complaint.

3. Plaintiff's pending Motion to Deny Summary Judgment [Docket No. 82] is **DENIED AS MOOT**.


Dated: November 22, 2010

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court